UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TERESA K. KIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1552 (RBW) |
| | ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | ) ) ) | |
| | ) | |
| Defendant. | ) ) ) ) | |

**MEMORANDUM OPINION**

Teresa K. Kim, the plaintiff in this civil case and Legal Counsel to the Lieutenant Governor of the Commonwealth of Northern Mariana Islands (the "Commonwealth"), filed this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), action "for injunctive and other appropriate relief and seeking the disclosure and release of agency records [allegedly] improperly withheld from [the] plaintiff by defendant Department of the Interior ("Interior") and its component, the Office of Insular Affairs." Complaint ("Compl.") ¶ 1. Currently before the Court is the Defendant's Motion for Summary Judgment ("Def.'s Mot.") pursuant to Federal Rule of Civil Procedure 56. After careful consideration of the complaint, the defendant's motion, and all memoranda of law submitted in conjunction with that motion,[1] the Court

---

[1] In addition to the filings just referenced, the Court also considered the following filings and all exhibits and attachments submitted with those filings in resolving the defendant's motion: (1) the defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Mem."); (2) the defendant's Statement of Material Facts as to Which There is No Genuine Dispute ("Def.'s Stmt."); (3) the Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s. Opp'n"); (4) the Plaintiff's Statement of Genuine Issues; and (5) the Defendant's Reply in Support of Motion for Summary Judgment ("Def.'s Reply").

concludes for the reasons that follow that it must grant the defendant's motion for summary judgment.

## I. Background[2]

In 2009, Interior conducted a "census [for the purpose of identifying] aliens present in the Commonwealth." Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n") at 4. In conducting the census, in-take forms were used to collect the information Interior sought to acquire, and after all of the in-take forms were completed and "all information [was] . . . entered into spreadsheets," the "forms were shredded." Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment ("Def.'s Mem.") at 4. "By [a] letter dated May 14, 2010, [the plaintiff] . . . submitted a FOIA request to . . . Interior . . . seeking all documents generated by the federal ombudsman's office in Saipan, Commonwealth of the Northern Mariana Islands[,] with respect to the registration of aliens accomplished in December 2009." Statement of Material Facts as to Which There is No Genuine Dispute ("Def.'s Stmt.") ¶ 1 (internal quotation marks omitted). "The letter further specified that 'these documents include the individual registration forms filled out by aliens and all correspondence to and from the ombudsman's office with respect to th[e] registration process from June 2009 through March 2010.'" Id. (citation omitted). Moreover, the letter "requested that the search for responsive records be limited to the federal ombudsman's office in Saipan" Id. ¶ 2. On May 24, 2010, Interior acknowledged receipt of the plaintiff's request and "adivis[ed] the [plaintiff] that the request had been referred to the Office of Insular

---

[2] The relevant facts of this case are taken from the defendant's statement of facts, which are not in dispute unless otherwise noted.

Affairs" ("Insular Affairs").  Id. ¶ 3.  Through the services of Federal Express, on May 29, 2010, "all responsive documents located by" the agency were forwarded to "the United States Department of Interior, Office of the Secretary FOIA Office, . . . for processing." Id. ¶ 4.  After the Secretary's FOIA Office "received the requested documents from the Federal ombudsman in Saipan, it was determined that all of the information was releasable, with the minor exception of birthdates." Id. ¶ 5.  In order to continue the processing of the plaintiff's request, a FOIA specialist with the agency "contacted counsel for [the p]laintiff . . . to see if [the p]laintiff would be willing to allow . . . [Interior] to withhold the birthdates [as being] 'non-responsive.'" Id. ¶ 6.  Upon receiving affirmation that it was okay to withhold the birthdates, "[t]he birthdates were redacted" based on the parties' agreement "and, alternatively, based on Exemption 6 of [the] FOIA, because the FOIA office determined that the privacy interest outweighed any public interest in that information." Id. ¶ 7.  Finally, on September 22, 2010, "[a]ll documents" previously reviewed that were responsive to the plaintiff's FOIA request "were released to [the plaintiff] in full, with the exception of birthdates." Id. ¶ 8.

The plaintiff initiated this action on September 15, 2010, asserting that this "case involves the intentional destruction by an Interior Department employee of more than 20,000 documents that were responsive to [the p]laintiff's . . . []FOIA[] request." Pl.'s Opp'n at 1. Furthermore, the plaintiff argues that "[t]his intentional destruction of original records immediately prior to a [FOIA] request for these records by the Commonwealth requires remedial actions by the Interior Department and, because the Department refuses to undertake any remedial steps at all, it has not and cannot meet its burden of proof." Id.  The plaintiff also claims that "the Department has failed to conduct a reasonable search under the circumstances,

and [that] the Department has failed to produce all of the responsive records that it has," and accordingly, the defendant's motion should be denied.  Id.  Finally, the plaintiff states that "[t]he spreadsheets provided by Interior are not digital copies of the originals, . . . [and b]y failing to provide exact digital copies of the originals, Interior has withheld records containing information to which [the p]laintiff is entitled," id. at 11, including the "birth dates of individuals who filed forms in connection with the December 2009 census," id. at 14.  The defendant counters that "[s]ubject to limited redactions, [it has] produced all relevant records maintained by the agency at the time of the FOIA request."  Def.'s Mot. at 1.  In response, the plaintiff contends that although the original request specified a search of Federal Ombudsman Pamela Brown's office in Saipan, Commonwealth of the Northern Mariana Islands, Pl.'s Opp'n at 10, "the destruction of the original documents sought by [the p]laintiff was an enormous change in circumstances that imposed a new burden on Interior to widen its search in order to replace and produce to the extent possible the information lost in the document[s] destruction," id.

After this case was filed, "[a]dditional documents were received by . . . [Interior's FOIA] Office on April 1, 2011."  Def.'s Stmt. ¶ 9.  "Those documents consisted of e-mails relating to the alien registration sent from the personal e-mail address of the federal ombudsman."  Id.  The e-mails were processed and released to the plaintiff with the exception of the personal e-mail address of the federal ombudsman.  Id.  This information was redacted based on "Exemption 6 of FOIA because the FOIA office determined that the privacy interest outweighed any public interest in that information."  Id.

## II. Standard of Review

In resolving a motion for summary judgment under Federal Rule of Civil Procedure 56, a court must determine whether "the movant [has demonstrated] that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a Rule 56 motion, the Court must view the evidence in the light most favorable to the non-moving party. Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000)). The Court must therefore draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The non-moving party, however, cannot rely on "mere allegations or denials," Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at 248) (internal quotation marks omitted), as "conclusory allegations unsupported by factual data will not create a triable issue of fact," Pub. Citizen Health Research Group v. FDA, 185 F.3d 898, 908 (D.C. Cir. 1999) (internal brackets and quotation marks omitted). If the Court concludes that "the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof," then the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 317-18 (1986).

In a FOIA suit, an agency is entitled to summary judgment once it meets its burden of demonstrating that no material facts are in dispute and that all information falling within the class of information requested has either been produced, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001).

Where, as here, the adequacy of an agency search is challenged, the "defending 'agency must show beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents.'" Morley v. CIA, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (alteration omitted) (quoting Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). Thus, a "FOIA search is sufficient if the agency makes 'a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" Baker & Hostetler LLP v. U.S. Dep't of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006) (quoting Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995)). Accordingly, once the agency has "shown that its search was reasonable, the burden is on the requester to rebut that evidence by a showing that the search was not conducted in good faith." Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985)). Such rebuttal can be accomplished either by contradicting the defendant's account of the search procedure or by presenting evidence showing the agency's bad faith. Moore, 916 F. Supp. at 35-36.

When a FOIA exemption is asserted by an agency as grounds for the non-disclosure of responsive documents, the Court may grant summary judgment to the agency based on the information provided in an agency's affidavits if they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Kurdyukov v. U.S. Coast Guard, 657 F. Supp. 2d 248, 252-53 (D.D.C. 2009) (Walton, J.) (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)). "Agency affidavits [submitted in FOIA cases] are

accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted).

### III. Legal Analysis

As an initial matter, the Court will address the plaintiff's argument that destruction of the records was intentional, and therefore, the defendant's refusal to take any "remedial actions" precludes the defendant from being able to satisfy its burden of proof. Pl.'s Opp'n at 1. The Court agrees with the defendant that the plaintiff has offered no support for the suggestion that the defendant absolutely knew that a FOIA request would be made for production of the census forms, and thus the defendant had no duty to preserve the documents prior to the request that was made for their production. Defendant's Reply in Support of Motion for Summary Judgment ("Def.'s Reply") at 4. Therefore, although the plaintiff correctly points out that courts have occasionally sanctioned an agency for destroying responsive documents in FOIA litigation, in those cases the destruction occurred after the FOIA request was made. For example, in Landmark, the court held the Environmental Protection Agency in contempt because the agency destroyed documents after the court had already ordered the preservation of documents responsive to the plaintiff's FOIA request. Landmark Legal Found. v. EPA, 272 F. Supp. 2d 59, 67 (D.D.C. 2003). That is not the case here. Rather, the plaintiff made her initial FOIA request on May 14, 2010, Compl. ¶ 6, which was nearly five months after the census in-take forms were "shredded." Def.'s Mot., Declaration of Pamela Brown Blackburn ("Brown Blackburn Decl.") ¶ 4. Accordingly, the Court finds that the destruction of the actual census in-take forms was not done in bad faith and therefore does not merit any remedial action being ordered or preclude the

Court from finding that the defendant conducted a reasonable search in the absence of such action.

Having found that the defendant's destruction of the in-take forms was not committed in bad faith, all that remains for the Court to decide as to the plaintiff's challenge to the search is whether it was "reasonably calculated to uncover all relevant documents." Morley, 508 F.3d at 1114. This requires the Court to assess whether the agency made "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Baker & Hostetler LLP, 473 F.3d at 318 (internal quotation marks and citation omitted); see also Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (stating that "[an] agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents" (internal quotation marks omitted)). While "an agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested," Campbell v. U.S. Dep't of Justice, 164 F.3d 20, 28 (D.C. Cir. 1998) (internal quotation marks omitted), the search "need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the [plaintiff's] specific request," Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986); see also id. at 953 (stating that "[i]t would be unreasonable to expect even the most exhaustive search to uncover every responsive file").

Thus, "[t]here is no requirement that an agency search every record system" in which responsive documents might conceivably be found. Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). Rather, an agency must demonstrate the adequacy of its search by providing a "reasonably detailed affidavit, setting forth the search terms and type of search

performed, and averring that all files likely to contain responsive materials . . . were searched." Id. "Once the agency has shown that its search was reasonable, the burden [shifts to the plaintiff] to rebut [the defendant's] evidence . . . either by contradicting the defendant's account of the search procedure or by raising evidence of the defendant's bad faith." Moore, 916 F. Supp. at 35-36 (citing Miller, 779 F.2d at 1383-84). As noted earlier, "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard Servs., Inc., 926 F.2d at 1200 (internal quotation marks omitted).

Here, the defendant has submitted declarations and supplemental declarations from Pamela Brown Blackburn and Jessica Charles, wherein they explain the various actions that were taken to comply with the plaintiff's FOIA request and the process employed by the defendant to conduct the search for responsive records. See generally Def.'s Mot., Brown Blackburn Decl.; id., Declaration of Jessica Charles; Def's Reply, Declaration of Pamela Brown Blackburn ("Supp. Brown Blackburn Decl."); id., Supplemental Declaration of Jessica Charles. The defendant makes a persuasive argument that the plaintiff's request was very narrow and specific, and that the defendant complied with that request. The Court therefore agrees with the defendant's position that despite the "[p]laintiff['s] conten[tion] that the destruction of the in-take forms was an enormous change in circumstances that somehow alter[ed] the express terms of the FOIA request at issue," thus requiring a "search beyond that ombudsman's office specified in the request," Def.'s Reply at 7 (internal quotation marks and citation omitted), "[i]t is . . . well established that an agency's duty under [the] FOIA is limited by the FOIA request" and an "agency 'is not obliged to look beyond the four corners of the request' in searching for or

9

releasing records," Kowalczyk v. DOJ, 73 F.3d 386, (D.C. Cir. 1996); see also Def.'s Reply at 7. In addition, the plaintiff's argument that "by failing to provide exact digital copies of the originals, Interior . . . withheld records containing information to which [the p]laintiff is entitled," Pl.'s Opp'n at 11, also lacks merit, as the defendant has stated and the plaintiff has not denied, "the request specifically stated that hard copies would be acceptable," Def.'s Reply at 7; see also Def.'s Reply, Supp. Brown Blackburn Decl. ¶ 9. Finally, the plaintiff's contention that redaction of the birth dates violated the defendant's obligations under the FOIA is unpersuasive because, if for no other reason, the plaintiff agreed to the redactions.[3]

Although the plaintiff couches her challenge to the non-production of the in-take forms as an attack on the adequacy of the search, her primary concern appears to relate to the destruction of documents, as evidenced by the plaintiff's principle argument that this "case involves the intentional destruction by an Interior Department employee of more than 20,000 documents that were responsive to [the p]laintiff's . . . []FOIA[] request." Pl.'s Opp'n at 1. Despite the fact that the plaintiff is aware that the in-take forms no longer exist, and despite the fact that the defendant has stated that "[a] caseworker in [the ombudsman's] office entered the data from the in-take forms onto master spreadsheets," Def.'s Mot., Brown Blackburn Decl. ¶ 4,

---

[3] The Court notes that even if the plaintiff had not agreed to the redaction of the birth dates of the individuals who completed the in-take forms, the defendant's invocation of FOIA Exemption 6 justified the non-production of this formation. Exemption 6 provides that "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" are exempt from disclosure under the FOIA. 5 U.S.C. § 552 (b)(6). The defendant contends that the plaintiff has not asserted a public interest in the disclosure of redacted information that would outweigh the private interests of the individuals' in protecting the information from disclosure. Def.'s Mem. at 7. "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory dut[ies] or otherwise let citizens know 'what their government is up to.'" Lepelletier v. FDIC, 164 F.3d 37, 46 (D.C. Cir. 1999) (quoting U.S. Dep't of Def. v. Fed. Labor Relations Auth., 510 U.S. 487, 497 (1994)). The defendant asserts that "[b]ecause the disclosure of birth dates w[ill] not shed such light, th[e] information is properly withheld." Def.'s Reply at 9." The Court agrees.

the plaintiff continues to bemoan the fact that the documents were destroyed, Pl.'s Opp'n at 25. But as the defendant points out, "[o]nce the information on the in-take forms was entered onto the spreadsheets, the in-take forms were shredded since the forms only served a data collection function." Def.'s Mot., Brown Blackburn Decl. ¶ 4. With this explanation, and the detailed declarations the defendant submitted explaining the process and adequacy of the search, the defendant has demonstrated that it appropriately responded to the plaintiff's FOIA request by conducting a reasonable search. See CareToLive v. FDA, 631 F.3d 336, 341 (6th Cir. 2011). And while the plaintiff attempts to rebut these declarations, her allegations that the defendant should have documents responsive to the request do not rise above the level of speculation and therefore are insufficient to overcome the presumption of good faith afforded to the government's declarations. See Steinberg, 23 F.3d at 552 ("mere speculation that as yet uncovered documents may exist does not undermine finding that the agency conducted a reasonable search" (quoting SafeCard Servs., Inc., 926 F.2d at 1201)).

To be sure, it is unfortunate that the documents are no longer available. Nonetheless, the defendant is entitled to summary judgment because its duty of production under the FOIA is limited to the production of responsive documents that were in its possession at the time the FOIA request was made. See Landmark, 272 F. Supp. 2d at 66 (The "FOIA does not impose a document retention requirement on agencies."); see also Green v. Nat'l Archives & Records Admin., 992 F. Supp. 811, 818 (E.D. Va. 1998) ("[The] FOIA, a disclosure statute, does not obligate agencies to retain all records."). The defendant having produced to the plaintiff the

documents available to it at the time of the request, has satisfied its burden of establishing the good faith and reasonableness of its search.[4]

### IV. Conclusion

Based on the foregoing reasons the Court will grant the defendant's motion for summary judgment.

**SO ORDERED**.[5]

                                                                          _____

                                                                          REGGIE B. WALTON
                                                                          United States District Judge

---

[4] The plaintiff makes a number of claims that go beyond her FOIA request, i.e., her requests that the Court make inquiries of the defendant concerning the destruction of the in-take forms and how that destruction implicates the Federal Records Act, 44 U.S.C. chs. 29, 31, 33 (2006). See Pl.'s Opp'n at 24-25. However, the plaintiff's concerns are more appropriately addressed in an action separate from her FOIA request. See, e.g., Armstrong, 924 F.2d at 297 (reasoning that a private litigant can seek judicial review under the Administrative Procedure Act to require an agency head to take action in response to the destruction of records).

[5] This Opinion accompanies the Order issued on March 30, 2012 and the Final Order that is being issued contemporaneously with this Opinion.